UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNET SPECIALTIES WEST, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ISPWEST, a California company, MILON-DIGIORGIO ENTERPRISES, INC., a California Corporation, ACEWEB INTERNET, a California Company, and DOES 1 through 10<br><br>Defendants. | CV 05-3296 FMC (AJWx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL** |

On October 20, 2006, the jury returned a verdict in favor of the Plaintiff, Internet Specialties West, Inc. ("ISWest"), on its claims for (1) False Designation of Origin (15 U.S.C. § 1125(a)); (2) Statutory Unfair Competition (Cal Bus. & Prof. Code § 17200 et seq.); (3) Common Law Unfair Competition; and (4) Common Law Passing Off. The jury did not award Plaintiff any monetary

1

damages, leaving Plaintiff with the possibility of an equitable, injunctive remedy only.

The Court conducted a separate trial, without a jury, on Defendant's equitable defense of laches. On November 17, 2006, the Court issued its Findings of Fact and Conclusions of Law, concluding that laches was inapplicable to the facts of the case and entering a permanent injunction against Defendant. Defendant now moves for a new jury trial and/or amendment of the Court's findings and conclusions re: laches, and for a stay of enforcement of the injunction.

The Court has duly considered the moving, opposition and reply papers submitted in connection with Defendant's motion (docket no. 260) and hereby DENIES the motion in its entirety. The Court did not err in issuing jury instruction 18.15 ("Infringement-Elements-Likelihood of Confusion-Factors), as modified by the Plaintiff, to include language explaining that, in cases involving the provision of internet-related services, several of the factors set forth in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979) are afforded greater weight. The instruction was a correct statement of the law and was not misleading as it clearly referred to the "internet troika" as a subset of the larger group of *Sleekcraft* factors. *See, e.g., Mockler v. Multnomah County,* 140 F.3d 808, 812 (9th Cir. 1998) ("'Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading.'") (quoting *Chuman v. Wright,* 76 F.3d 292, 294 (9th Cir. 1996) (citation omitted)).

With respect to the Court's Findings and Conclusions re: laches, Defendant does not raise any arguments not previously considered by the Court. The gravamen of Defendant's argument is that the Court misinterpreted the Ninth

Circuit's recent decision in *Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n*, 465 F.3d 1102 (9th Cir. 2006). However, as the Court took pains to point out, this case is highly distinguishable from *Tillamook* and other cases cited by Defendant. *See* Court's Findings of Fact and Conclusions of Law Re: Equitable Remedy and Equitable Defense of Laches at 7:15-23. Also, as Plaintiff points out, the Court conducted its analysis of the factors derived from the Ninth Circuit's decision in *E-Systems, Inc. v. Monitek, Inc.*, 720 F.2d 604, 607 (9th Cir. 1983) with the assumption that the analogous limitations period had already run and, implicitly, that there was a presumption in favor of a finding of laches which was defeated by the balance of those factors. Accordingly, the Court finds no basis to amend its findings and conclusions.

Plaintiff has requested an award of the attorneys' fees it expended in opposing Defendant's motion. However, the Court does not find that Defendant acted with the requisite bad faith and/or extreme recklessness so as to warrant the imposition of such a sanction.

IT IS SO ORDERED.

December 15, 2006.

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT JUDGE