P Send





UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNET SPECIALTIES WEST, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ISPWEST, a California company, MILON-DIGIORGIO ENTERPRISES, INC., a California Corporation, ACEWEB INTERNET, a California Company, and DOES 1 through 10<br><br>Defendants. | CV 05-3296 FMC (AJWx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO RETAX COSTS** |

This matter is before the Court on Plaintiff's Motion To Retax Costs (docket no. 283), filed on January 19, 2007. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 12, 2007, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court

1

#286

GRANTS the Motion in part and DENIES it in part.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On October 20, 2006, the jury returned a verdict in favor of the Plaintiff, Internet Specialties West, Inc. ("ISWest"), on its claims for (1) False Designation of Origin (15 U.S.C. § 1125(a)); (2) Statutory Unfair Competition (Cal Bus. & Prof. Code § 17200 et seq.); (3) Common Law Unfair Competition; and (4) Common Law Passing Off. The jury did not award Plaintiff any monetary damages, leaving Plaintiff with the possibility of an equitable, injunctive remedy only.

The Court conducted a separate trial, without a jury, on Defendant's equitable defense of laches. On November 17, 2006, the Court issued its Findings of Fact and Conclusions of Law, concluding that laches was inapplicable to the facts of the case and entering a permanent injunction against Defendant. On December 15, 2006, the Court denied Defendant's motion for a new trial.

In the interim, on November 29, 2006, Plaintiff submitted an "Itemization and Documentation for Bill of Costs" with the Clerk of Court, pursuant to Local Rule 54-3. On January 11, 2007 the Clerk held a hearing and awarded Plaintiff total costs in the amount of $21,422.09. Plaintiff submits that this amount understates its total costs incurred, as it omits costs for making photocopies of documents served on Defendant and in obtaining transcripts of depositions taken by Defendant.[1]

**STANDARD OF LAW**

Pursuant to Federal Rule of Civil Procedure 54(d)(1):

---

[1] Defendant's Opposition to Plaintiff's Motion was not filed until February 5, 2007, one full week beyond the due date. Consequently, it has not been considered by the Court. *See* Local Rules 7-9, 7-12.

2

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice.

Fed. R. Civ. P. 54(d)(1).

"Review of the Clerk's taxation of costs may be obtained by a motion to retax costs filed and served within five (5) days of the Clerk's decision. That review will be limited to the record made before the Clerk, and encompass only those items specifically identified in the motion." Local Rule 54-9.

## DISCUSSION

Plaintiff seeks to recover additional costs it claims to have incurred in (1) making photocopies of documents served on Defendant in response to Defendant's requests for production; and (2) obtaining transcripts of depositions taken by Defendant (of Plaintiff's employees and various third parties) from the court reporter. *See* Mot. at 2.

With respect to the photocopying costs, the Court agrees that they should be recoverable as documented in the amount of $1,463.66, at $0.15 per page or less. *See, e.g., In re Turn-Key-Tech Matters*, 2002 U.S. Dist. LEXIS 25584, 4-5 (C.D. Cal. 2002) ("[T]he specifically enumerated items in Local Rule 54-4.11 are non-exhaustive and . . . the Court may, in its discretion, allow other costs for copies, i.e., those costs that are necessarily obtained for use in the case.") (citation omitted); *see also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (allowing costs under 28 U.S.C. § 1920(4) for copying documents "necessarily obtained for use in the case but not offered as evidence."). However, with respect to the costs ($7,201.40) incurred in obtaining the certified deposition transcripts from the court reporter, Plaintiff has

failed to established that such costs were necessary and/or otherwise allowable. *See* 28 U.S.C. § 1920(2) (allowing for recovery of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case"). Before the Clerk, Plaintiff argued that it was forced to request copies from the court reporter because it had entered into a stipulation with Defendant whereby the original transcripts would be kept in Defendant's custody. (*See* Pl.'s Reply in Support of Bill of Costs, December 11, 2006, at 11.) However, as Defendant pointed out to the Clerk, nothing in the stipulation or Plaintiff's papers suggests that Plaintiff was precluded from making *photocopies* of the original transcripts (to defend against impeachment), instead of requesting a whole new set from the court reporter. (*See* Objections to Costs Bill of Plaintiff, December 5, 2006, at 9.) In addition, Plaintiff should not be rewarded for voluntarily entering into a stipulation that would increase its costs, when an alternative arrangement was certainly possible.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion To Retax Costs (docket no. 283) is GRANTED in part and DENIED in part. Plaintiff is entitled to additional costs in the amount of $1,463.66.

IT IS SO ORDERED.

~~January~~ 2/6, 2007

FLORENCE-MARIE COOPER, Judge
UNITED STATES DISTRICT COURT